Filed 5/21/25  P. v. Jackson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER JACKSON,<br><br>Defendant and Appellant. | F088286<br><br>(Super. Ct. No. CF91451754)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Kari Ricci Mueller and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Appellant Christopher Jackson filed an appeal from a trial court order summarily denying his request for recall of his sentence and for resentencing under Penal Code section 1172.1.[1] Appellant maintains the trial court's denial is an appealable order under section 1237, and the trial court abused its discretion in failing to give due consideration to all the postconviction evidence he offered in support of resentencing. Respondent maintains appellant has no right to appeal because the trial court's denial did not affect appellant's substantial rights within the meaning of section 1237. Having considered the parties' arguments, we agree with respondent and conclude the trial court's summary denial of appellant's unauthorized request for relief under section 1172.1 is not an appealable order. As such, the appeal must be dismissed.

# FACTUAL BACKGROUND

After weeks of planning to rob an armored truck guard during his regular pickup at a bank, appellant and his armed confederate (Sherman) staked out the bank, and when the guard arrived on his rounds, appellant pointed a gun at the guard and reached for the guard's weapon. A struggle ensued, and appellant called to Sherman for help; Sherman proceeded to shoot and kill the guard. Appellant and Sherman absconded with what they later discovered was an empty money bag the guard had dropped, and they fled.[2]

Appellant subsequently pled guilty to second degree murder, robbery, and admitted a firearm enhancement allegation under section 12022.5, subdivision (a). As part of the plea agreement, appellant stipulated to a sentence of 10 years determinate (the aggravated five-year terms (at the time of the offense) for second degree robbery and the

---

**1** All undesignated references are to the Penal Code unless indicated otherwise.

**2** A detailed recitation of the facts was provided in our previous nonpublished opinion, *People v. Jackson* (June 10, 2024, F084170), review granted August 28, 2024, S286085, which affirmed the trial court's denial of appellant's section 1172.6 petition following an evidentiary hearing.

§ 12022.5, subd. (a), firearm enhancement) plus an indeterminate term of 15 years to life for second degree murder. (Stats. 1986, ch. 1428, § 4, pp. 5123–5124 [robbery]; Stats. 1990, ch. 41, § 3, pp. 245–247 [firearm enhancement].)

In May 2024, appellant filed a petition for resentencing under section 1172.1. The trial court issued an order denying the petition. The order acknowledged receipt of appellant's petition, but noted "Penal Code section 1172.1, subdivision (c) clearly states that '[a] defendant is not entitled to file a petition seeking relief from the court under this section.' Therefore, [appellant's] request for recall of sentence and resentencing is denied."

## DISCUSSION

Respondent argues section 1172.1 expressly provides that a defendant has no right to file a request for relief under the statute, and the trial court is under no obligation to take any action on such a request. Respondent contends that because there is no cognizable right to resentencing upon a defendant's unauthorized request for relief, the trial court's denial of such a request does not affect any substantial right of appellant within the meaning of section 1237, subdivision (b), and the appeal is subject to dismissal.

Section 1172.1 permits various government actors such as prison officials, the Board of Parole Hearings, and prosecutorial agencies to petition for the recall of a defendant's sentencing and resentencing. (*Id.*, subd. (a)(1).) Effective January 1, 2024, section 1172.1, subdivision (a)(1), now permits a trial court to resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law …." (*Ibid.*, as amended by Stats. 2023, ch. 795, § 1.5.) Before this amendment, a trial court had jurisdiction under this statute only to recall a sentence on its own motion and resentence a defendant within 120 days of the date of judgment. (§ 1172.1, former subd. (a)(1).)

3.

Relevant here, under section 1172.1, subdivision (c), "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*) Respondent argues the trial court's summary denial pursuant to section 1172.1, subdivision (c), is an unappealable order under section 1237, and the appeal must be dismissed for lack of appellate jurisdiction.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Section 1172.1 itself contains no express right to appeal, and therefore section 1237, which generally governs a defendant's right to appeal in criminal cases, controls whether the trial court's decision in this case is appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*) [no portion of § 1172.1 explicitly establishes a right to appeal] (*Hodge*); *Loper, supra*, at p. 1159 [right to appeal in criminal cases governed by § 1237].) Section 1237, subdivision (b), permits a defendant to appeal "From any order made after judgment, affecting the substantial rights of the party."

Two Courts of Appeal have recently considered whether a trial court's declination to consider a defendant's unauthorized request for recall and resentencing under section 1172.1 constitutes an appealable order under section 1237. In *Hodge*, the Court of Appeal was presented with an order nearly identical to the one issued in appellant's case summarily declining to consider the defendant's unauthorized motion for resentencing under section 1172.1. (*Hodge, supra*, 107 Cal.App.5th at p. 994.) Finding the trial court's written summary denial decision met the definition of a judicial order, *Hodge* concluded it did not affect the defendant's substantial rights. *Hodge* reasoned the second sentence of section 1172.1, subdivision (c), "excuses the trial court from any responsibility" to rule on an unauthorized motion by a defendant, "or even to respond." (*Hodge, supra*, at p. 996.) As such, "a defendant who chooses to file an unauthorized

4.

request for resentencing has no *right* to a ruling." (*Ibid.*) While a defendant "may have a liberty interest at stake in any decision as to whether they should remain incarcerated," a defendant "has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right at all, much less a substantial one." (*Ibid.*)

In *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*), the defendant petitioned for resentencing under section 1172.1, but the trial court took no action, stating it "'[did] not have jurisdiction to consider [the] motion.'" (*Faustinos, supra*, at p. 693.) *Faustinos* held that because a defendant is not entitled to file a section 1172.1 petition or to receive a ruling if he nevertheless files one, it follows "that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights." (*Faustinos, supra*, at p. 696.) As such, the court concluded it lacked "authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Ibid.*)

We agree with *Hodge* and *Faustinos* that a trial court's written declination to consider a defendant's unauthorized request for recall and resentencing under section 1172.1 does not affect a defendant's substantial rights for purposes of section 1237, and it is not an appealable order. Section 1172.1 expressly indicates the trial court is under no obligation to consider a defendant's unauthorized request for recall and resentencing at all—indeed, it has no obligation even to respond to such a request—and there are no criteria a court must consider in refusing to consider an unauthorized request from a defendant. These facets of section 1172.1 set this case apart from the circumstances in *Loper* and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*).

In *Loper*, the trial court denied the Department of Correction and Rehabilitation's (CDCR) recommendation that the defendant be granted compassionate release under section 1170, subdivision (e), which the defendant appealed. (*Loper, supra*, 60 Cal.4th at

pp. 1158–1159.)  The Attorney General argued that because the defendant had no standing under the statute to seek compassionate release, the trial court's denial of CDCR's recommendation could not affect the defendant's substantial rights.  (*Id.* at p. 1161.)  In rejecting this argument, *Loper* noted that even though the defendant had no independent right to initiate compassionate release proceedings, the trial court was statutorily obligated to consider CDCR's recommendation for release on its merits.  (*Ibid.*, fn. 3.)  The statute provided the trial court with discretion to consider a recommendation from CDCR, and established eligibility criteria for doing so.  (*Ibid.*)  Unlike CDCR's recommendation in *Loper*, appellant's request for recall and resentencing is unauthorized, section 1172.1 expressly indicates the trial court is *not* obligated to consider an unauthorized request from a defendant, and there are no statutory criteria a court must consider in declining to act on an unauthorized request.  (*Id.*, subd. (c).)  Different from *Loper*, a summary denial under these circumstances does not affect any substantial rights of appellant.

A defendant's unauthorized request for recall and resentencing under section 1172.1 is also different from inviting a trial court to exercise its power to dismiss or strike a prior conviction under section 1385.  As explained in *Carmony*, although the defendant has no standing to request the court dismiss or strike a prior conviction under section 1385, the defendant may invite the trial court to exercise its power to do so, and the trial court is then *required* to consider whether dismissal is in furtherance of justice and make a ruling.  (*Carmony, supra*, 33 Cal.4th at p. 375 [if a defendant invites the court to exercise its power under § 1385, "'the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice'"].)  Dissimilar to the section 1385 context, section 1172.1 places no similar obligation on the trial court to consider the merits of recall and resentencing when invited to do so by the defendant—indeed, the Legislature has expressly stated the trial court is

under no obligation to even respond to a defendant's request that the court exercise its power to recall and resentence. (*Id.*, subd. (c).)

Moreover, because the trial court's power under section 1172.1 to decline action on a defendant's request for resentencing or to act on its own motion is subject to no specific criteria, such a denial leaves nothing to review on appeal. "Discretionary decisions by the trial court are generally subject to appellate review under the abuse of discretion standard to determine if they were within the bounds of some applicable legal criteria. [Citation.] In particular, a trial court's discretionary sentencing decision may be reviewed to determine if the court acted to achieve legitimate sentencing objectives or if the decision was merely irrational or arbitrary. [Citation.] Here, however, the trial court did not make a sentencing decision: It simply declined to reconsider a decision it had already made. There are no discernable criteria for an appellate court to evaluate a trial court's decision *not* to reconsider a sentence on its own motion under section 1172.1." (*Hodge, supra,* 107 Cal.App.5th at p. 998.)

While the trial court could consider an unauthorized request on its own motion (§ 1172.1, subd. (a)), nothing indicates the court did so in this case. The statute requires that when the trial court considers the merits of recall and resentencing on its own motion, the trial court "shall consider postconviction factors" and "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interests of justice." (*Id.*, subd. (b)(5).) Additionally, a hearing must be held unless the parties have stipulated otherwise—and then only if resentencing is granted (*id.*, subd. (a)(8)(A) & (9)), and the trial court is obligated to state "on the record the reasons for its decision to grant or deny recall and resentencing" (*id.*, subd. (a)(7)).

The trial court's summary denial did not examine postconviction factors, no hearing was held, and no statement of reasons supported the summary denial other than indicating the request was unauthorized. Had the trial court considered appellant's

request on its own motion, it would have been obligated to follow the statute's procedural steps and consider the relevant evidence.  Because the trial court did not do so, we must presume the summary denial referencing section 1172.1, subdivision (c), did not reflect an exercise of the court's own motion power.  (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [a trial court is presumed to have been aware of and followed the applicable law]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [a judgment or order of the lower court is presumed correct, and all intendments and presumptions are indulged to support it on matters to which the record is silent].)

Appellant argues the record raises concerns the superior court has a policy not to review any section 1172.1 requests whatsoever when made by defendants.  Appellant points out the summary denial he received appears to be a fillable form order with language that denies every petition or request initiated by a defendant, regardless of the equities weighing in favor of an exercise of judicial discretion in any particular case.  We find nothing in the order that indicates a blanket policy never to consider any section 1172.1 petitions filed by defendants.  It appears the trial court issued the order as an administrative courtesy to alert appellant that his request had been received, but that it would not be considered pursuant to section 1172.1, subdivision (c), an election the trial court was statutorily empowered to make.

In sum, because appellant had no right to a ruling on his unauthorized request for recall and resentencing under section 1172.1, the trial court's summary denial did not affect appellant's substantial rights.  Nothing obligated the trial court to reach appellant's request on the court's own motion, nor is there any indication it did so.  As such, this court does not have appellate jurisdiction pursuant to section 1237 to review the trial court's summary denial, and the appeal must be dismissed.  (*Hodge, supra*, 107 Cal.App.5th at p. 999; *Faustinos, supra*, 109 Cal.App.5th at p. 697.)

## DISPOSITION

The appeal is dismissed for lack of jurisdiction.


MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


DeSANTOS, J.